| | |
|---|---|
| The Law Firm of Daniel M. O'Hara, PLLC | Hearing Date: July 16, 2014 |
| 250 Park Ave, 7th Fl. | Time: 2:30pm |
| New York, NY 10177 | |
| (212) 867-8285 | |
| *Counsel for Debtor Meridian Real Estate Developers, Inc.* | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Chapter 11

In re:

MERIDIAN REAL ESTATE DEVELOPERS, INC.,    13-45704-cec

Debtor.

## NOTICE OF HEARING ON MOTION TO DISMISS CHAPTER 11 CASE

**PLEASE TAKE NOTICE,** that upon the annexed Motion dated June 23, 2014 (the "Motion"), of Meridian Real Estate Developers, Inc., the undersigned will move before the Honorable Carla E. Craig, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, on the **16th day of July (the "Hearing Date"), at 2:30 p.m.**, or as soon thereafter as counsel may be heard, for the entry of an order pursuant to Section 1112(b) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), to dismiss the Chapter 11 case of the above-captioned debtor.  Meridian may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that any response to the Motion must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov.  If you do not have the ability to file an objection electronically, the objection may be filed with the Clerk of the Court by presenting the Clerk with a copy of the objection saved on a diskette or a compact disk in .pdf format by the date stated above.  A copy of the objection must be provided to (a) the Chambers of the Honorable Carla Craig and (b) The Law Firm of Daniel M. O'Hara, PLLC, 250 Park Ave, 7th Fl., New York New York, 10177, so as to be received no later than **seven (7) days** before the hearing.  The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: June 23, 2014
New York, New York                    *s/ Daniel M. O'Hara*
                                       Daniel M. O'Hara

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

MERIDIAN REAL ESTATE DEVELOPERS, INC.,

Debtor.

Chapter 11

13-45704-cec

**MOTION TO DISMISS CHAPTER 11 CASE**

Meridian Real Estate Developers, Inc., by and through its counsel in The Law Firm of Daniel M. O'Hara, PLLC, hereby states as follows:

BACKGROUND

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 20, 2013 (the "*Petition Date*"). This is a single asset real estate case.

2. The Debtor's single, sole asset is that of the real property located at 64-55 74th Ave, Glendale, NY 11385. The Debtor purchased the property 64-55 74th Ave, Glendale, NY 11385 from Thomas Merlino in May 2006. Meridian has continued operating as fee owner of the property and owner of the building located thereon since that time.

3. The Debtor has continued in possession of its property and has continued to operate its business as a debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor, within the context of these proceedings, has sold the property free and clear of all liens, claims, encumbrances and other interests. The majority of the net proceeds of said sale are promised to Debtor's, essentially, sole creditor, RLI.

5. Debtor's principal and counsel have determined the debtor cannot, at this time, undertake the expense of attempting to reorganize the debtor under the protections of the bankruptcy court. The Debtor has privately settled with R.L.I., whom consents to this application for structured dismissal, as part of such settlement.

## RELIEF REQUESTED

6. Debtor requests that the Court dismiss the debtor's case pursuant to 11 U.S.C. § 1112(b). Debtor's principal believes that it is in the best interests of creditors if the debtor utilizes its resources to resolves its differences with its main creditor, RLI, by way of private settlement.

7. In addition to the foregoing, the debtor simply cannot afford to satisfy the cost of properly prosecuting a Chapter 11 reorganization.

8. The U.S. Trustee has been paid all quarterly fees due as of the requested date of dismissal.

9. Based on the foregoing, the Debtor requests that the Court grant the relief requested above and grant such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
June 23, 2014

*s/ Daniel M. O'Hara*
Daniel M. O'Hara
The Law Firm of Daniel M. O'Hara, PLLC
25) Park Ave, 7th Fl.
New York, NY 10177
Tel: (212) 867-8285
Counsel to Meridian Real Estate Developers